# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALVIN LEWIS FUELL, | DOCKET NUMBER |
| Appellant, | PH-0831-15-0029-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: August 4, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alvin Lewis Fuell</u>, Baltimore, Maryland, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM)'s final decision denying the appellant's application for a Civil Service Retirement System (CSRS) survivor annuity. Generally, we grant petitions such as this one only when: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant is the surviving spouse of a CSRS annuitant.[2]  Initial Appeal File (IAF), Tab 6 at 13, 24.  On May 29, 2002, the appellant's wife executed a Standard Form 2801 retirement application, indicating that she was electing an unreduced annuity payable only during her lifetime.  *Id*. at 19-21.  With her retirement application, she submitted a Spouse's Consent to Survivor Election form, which appeared to have been signed by the appellant on April 17, 2002.  *Id*. at 22.  The appellant's wife indicated on part 1 of the form that she elected "[n]o regular or insurable interest survivor annuity for my current spouse."  *Id*.  Above the appellant's signature in part 2 is the statement, "I freely consent to the survivor annuity election described in part 1.  I understand that my consent is final (not revocable)."  *Id*.  The appellant's signature is notarized.  *Id*.  The appellant's wife retired from Federal service effective June 3, 2002.  *Id*. at 24.

¶3        The appellant's wife died on May 19, 2014, and the appellant applied for a survivor annuity.  *Id*. at 8-12.  On September 23, 2014, OPM issued a final

[2] The appellant and his late spouse separated in 1999, but they remained married until her death.  Hearing Compact Diskette (testimony of the appellant).

decision denying the appellant's application. *Id*. at 4-5. OPM explained that it had determined that the appellant's wife had elected not to provide him with a survivor annuity, and that the appellant had irrevocably waived his right to this benefit by signing the Spouse's Consent to Survivor Election form. *Id*. at 6.

¶4     The appellant filed a Board appeal, challenging OPM's final decision on the basis that his signature was forged. IAF, Tab 1 at 5, 12. After a telephonic hearing, the administrative judge issued an initial decision affirming OPM's final decision. IAF, Tab 17, Initial Decision (ID) at 1, 4. He considered the appellant's argument that he never waived his right to a survivor annuity because his alleged signature on the consent form is a forgery, but he found that the appellant submitted insufficient evidence to support this claim. ID at 4. The appellant filed a petition for review, and OPM filed a response in opposition. Petition for Review (PFR) File, Tabs 2, 5.

¶5     Generally, a current spouse of a retired CSRS employee is entitled to a survivor annuity unless he waived his right to a survivor annuity in writing at the time of his spouse's retirement. 5 U.S.C. §§ 8339(j)(1), 8341(b)(1); 5 C.F.R. § 831.614. Such a waiver is irrevocable. 5 U.S.C. § 8339(j)(1). In this case, the issue is whether the appellant's signature on the consent form is genuine. The appellant bears the burden of proof on this issue. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986) (the burden of proving entitlement to a survivor annuity is on the applicant for benefits).

¶6     As the administrative judge correctly found, a notary's certificate of acknowledgment, regular on its face, carries a presumption of genuineness and due execution. ID at 4; *see Butler v. Encyclopedia Brittanica*, 41 F.3d 285 (7th Cir. 1994); 2 Am. Jur. 2d *Acknowledgments* § 66 (2015). However, a notary's certificate is ultimately a form of hearsay evidence that must be weighed against any evidence to the contrary. *Luten v. Office of Personnel Management*, 110 M.S.P.R. 667, ¶ 12 (2009). In this case, the administrative judge considered the appellant's evidence and argument but found it insufficient to show that the

notary's certificate was false and the appellant's signature was forged. ID at 4. For the following reasons, we find that the appellant has not presented a sufficient basis for us to disturb the administrative judge's finding on review.

¶7      The appellant alleges that his wife forged his signature using a copy of their 1974 marriage license. PFR File, Tab 2 at 4-5, 7, 16, 18, 21-22. He argues that nobody's signature remains unchanged for 30 years, *id*. at 5, 16, 22-23, and that the signature on the consent form does not match the signature on his marriage license, *id*. at 5, 16. We find that these arguments are contradictory, and we are not certain whether the appellant is arguing that the similarity or the dissimilarity of the signatures is indicative of forgery. We have reviewed the copies of the signatures that the appellant submitted on petition for review—one from his 1974 marriage license and one from the 2002 consent form—and we find no reason to conclude that the latter was a forgery. *Id*. at 26-27. The signatures are not identical, but they appear to have been formed in roughly the same manner. *Id*. It does not appear that the signature on the consent form was traced from the signature on the marriage certificate, as the appellant alleges. *Id*. at 23, 26-27.

¶8      The appellant also alleges, for the first time on review, that he was busy moving on April 17, 2002, when he supposedly executed the consent form. *Id*. at 24. In support of his allegation, he has attached a copy of a lease agreement beginning April 15, 2002. *Id*. at 28-29. However, the Board generally will not consider evidence and argument submitted for the first time on petition for review absent a showing that it was previously unavailable despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Moreover, the appellant's lease was for an apartment in Baltimore, Maryland -- the same city indicated on the notary's certificate. PFR File, Tab 2 at 28-29; IAF, Tab 6 at 22. We find it inherently probable that the appellant could have executed this

document before a notary in Baltimore around the time that he was moving in the same city.

¶9        The appellant further argues that he had no reason to waive his survivor annuity rights, in particular because he was separated from his wife at the time. PFR File, Tab 2 at 16-20, 22-23.  However, there are many reasons, both personal and financial, that an individual in the appellant's situation might have chosen to waive his right to a survivor annuity.  We will not speculate as to what the appellant's personal, legal, and financial circumstances might have been on April 17, 2002, but we do not find it inherently improbable that he had some reason for waiving his survivor annuity right notwithstanding the separation.

¶10       The appellant also argues that notaries sometimes do favors for friends and family, and he attaches a list of elements for lawful notarization as published by the American Society of Notaries.  *Id*. at 5, 30-31.  The appellant, though, has not given us a sufficient basis to find that the notarization in this case was a forgery done as a favor for his wife or that the requirements for a lawful notarization were not met.

¶11       Finally, the appellant argues that the outcome of the initial decision was unjust in light of his 40 years of marriage.  *Id*. at 4, 22.  However, the equities of the situation do not empower OPM or the Board to award monetary benefits in the absence of statutory authorization.  A claim for payment of money from the public treasury that is contrary to a statutory appropriation is prohibited by the Appropriations Clause of the Constitution, Article I, Section 9, Clause 7, and the government cannot be estopped from denying benefits not otherwise permitted by law.  *Office of Personnel Management v. Richmond,* 496 U.S. 414, 424, 434. (1990).

¶12       Base on the foregoing, we find that the appellant has not provided a basis for disturbing the initial decision affirming OPM's final decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.